IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JENNIFER MCCURDY,                         Case No. 6:15-CV-01498-AA
                                          OPINION AND ORDER
          Plaintiff,

     v.

PROFESSIONAL CREDIT SERVICE,

          Defendant.
_____

Kenneth P. Dobson
Attorney At Law
0324 S.W. Abernethy Street
Portland, Oregon 97239

James L. Davidson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
     Attorneys for plaintiff

Wade C. Isbell
Attorney At Law
Professional Credit Service
P.O. Box 7637
Springfield, Oregon 97475
     Attorney for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant Professional Credit Service moves to dismiss plaintiff Jennifer McCurdy's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, defendant's motion is denied.

## BACKGROUND

Plaintiff owes money to The Vancouver Clinic for personal medical services. Compl. ¶¶ 16-17. On April 1, 2015, defendant sent a collection letter to plaintiff regarding her debt ("April 1 Letter"). Id. at ¶ 18; Def.'s Mot. to Dismiss 2. There is no dispute the April 1 Letter was the only correspondence from defendant to plaintiff in this regard. Compl. ¶¶ 19-20. The April 1 Letter contained the following:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after reciving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Notice: If your payment is returned unpaid we may charge you a fee up to the maximum allowed by your state.
>
> If you dispute any account referenced in this letter, please send all information regarding the dispute to P.O. Box 70127, Springfield, OR 97475.

Id. at ¶ 18 & Ex. A.

Page 2 - OPINION AND ORDER

Plaintiff filed this action alleging defendant's request to mail information regarding a disputed debt violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., because it overshadows or is inconsistent with a consumer's right to dispute a debt, and because it amounts to an attempt to collect a debt by false or deceptive means.[1] Defendant moves to dismiss both claims under Fed. R. Civ. P. 12(b)(6).

### STANDARD

A complaint must be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purposes of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying

---

[1] Plaintiff also seeks to represent a class of people who received the same or similar letter. Because defendant does not address class allegations in its motion to dismiss, this Opinion and Order does not address the class allegations.

Page 3 - OPINION AND ORDER

facts" to support its legal conclusions. <u>Starr v. Bacca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).

## DISCUSSION

I.  <u>First Claim: The April 1 Letter Overshadows or is</u>
<u>Inconsistent with Notice of a Consumer's Right to Dispute a</u>
<u>Debt</u>

When sending a notice of debt to a consumer, a debt collector ("collector") must include, in either the initial communication or a written notice sent within five days of the initial communication,[2] the following:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

_____

[2] In this opinion, "notice" refers to any correspondence subject to the requirements of 15 U.S.C. § 1692g(a), whether in the form of an initial communication or subsequent written notice.

Page 4 - OPINION AND ORDER

15 U.S.C. § 1692g(a).

The FDCPA prohibits any collection activities during the thirty-day window that "overshadow or [are] inconsistent with the disclosure of the consumer's right to dispute the debt," including statements in the notice itself. Id. at § 1692g(b). A notice is inconsistent with the disclosure of a consumer's right when it contains contradictory language about the consumer's right to dispute the debt. Monokrousos v. Computer Credit, Inc., 984 F. Supp. 233, 234 (D. Or. 1997) (notice containing the required statement of the consumer's right, in combination with a statement implying the consumer had less than the thirty-day window to dispute the debt, was contradictory).

In determining if language overshadows or is inconsistent with the notice, the Ninth Circuit uses the "least sophisticated consumer" standard. Swanson v. S. Or. Credit Serv., Inc., 869 F.2d 1222, 1225 (9th Cir. 1988). The "least sophisticated consumer" is one who is "uninformed, naïve, and gullible." Adams v. David B. Schumacher, PC, 2014 WL 6977695, *8 (D. Or. Dec. 9, 2014) (citations omitted). Therefore, collection activities violate section 1692g when they "threaten or encourage the least sophisticated [consumer] to waive his statutory right to challenge the validity of the debt." Terran v. Kaplan, 109 F.3d 1428, 1434 (9th Cir. 1997).

A consumer may dispute a debt orally or in writing. Camacho v.

<u>Bridgeport Fin., Inc.</u>, 430 F.3d 1078, 1082 (9th Cir. 2005) ("The plain language of [15 U.S.C. § 1692g(a)(3)] indicates that disputes need not be made in writing.") Additionally, when disputing a debt, a consumer does not need to provide supporting materials. <u>Sambor v. Omnia Credit Servs., Inc.</u>, 183 F. Supp. 2d 1234, 1240 (D. Haw. 2002) (the collector's request for "suitable dispute documentation" violated section 1692g(a)(3) because it implied that a consumer's dispute of debts must be supported by documentation).

It is undisputed the April 1 Letter contained the required language informing plaintiff of her right to dispute the debt. Compl. ¶¶ 18, 21; Def.'s Mot. to Dismiss 5. The parties disagree, however, on the effect of the letter's final sentence (hereafter, "additional language"), which states, "[i]f you dispute any account referenced in this letter, please send all information regarding the dispute to P.O. Box 70127, Springfield, OR 97475." Plaintiff alleges this additional language "overshadows" and "fails to explain an apparent contradiction that [the defendant's] letter creates regarding statutorily mandated disclosures." Compl. ¶ 22. In its motion to dismiss, defendant asserts this language "does nothing to threaten or encourage the least sophisticated consumer to waive his/her statutory right to challenge the validity of the debt." Def.'s Mot. to Dismiss 5. The Court disagrees and finds the additional language overshadows or is inconsistent with notice of a consumer's right to dispute a debt.

Defendant urges the Court to interpret the additional language as a "polite request for information" and "an invitation to [p]laintiff to work with [defendant] to resolve any dispute that may or may not exist." Def.'s Mot. to Dismiss 6. While true that some consumers might agree with defendant's interpretation, the FDCPA requires the additional language be interpreted from the perspective of the least sophisticated consumer. The least sophisticated consumer could read the additional language to require a consumer intending to dispute a debt to do so in writing and to submit justification for the dispute. In other words, the least sophisticated consumer would be encouraged to waive her right to challenge the validity of the debt by a phone call or without providing justification for contesting the debt.

Defendant argues it is permissible to imply a consumer must dispute a debt in writing. Riggs v. Prober & Raphael, 681 F.3d 1097 (9th Cir. 2012); Def.'s Reply Br. in Supp. of Def.'s Mot. to Dismiss 2. Riggs, however, is factually distinguishable from the present case. In Riggs, the collection notice contained the required statement of a consumer's right to dispute a debt, but simply reversed the order in which it stated the consumer's rights. Riggs, 681 F.3d at 1102-03 (collector "more or less simply reverse[d] the order of [section] 1692g(a)(3)-(5)" which, when read in reverse, "could be [interpreted] to imply that a debtor must dispute her debt in writing"). The Riggs court reasoned any

Page 7 - OPINION AND ORDER

confusion over how to dispute a debt thus "stem[med] at least in part from the FDCPA itself". Id. at 1103.

Unlike the collector in Riggs, defendant has not merely reorganized the required statutory language. Instead, defendant has added additional language suggesting a debt must be contested in writing and with supporting documentation. Therefore, the confusion created by the April 1 Letter does not stem from the FDCPA itself, but rather from defendant's inclusion of the additional language. Riggs does not entitle defendant to dismissal. Because defendant's additional language overshadows or is inconsistent with the notice as it contains contradictory information about the consumer's right to dispute the debt, defendant's motion to dismiss the first claim for relief is denied.

II.   Second Claim: The April 1 Letter Uses False, Deceptive, or
        Misleading Representation or Means When Collecting a Debt

In addition to prohibiting statements that overshadow or are inconsistent with a consumer's right to dispute a debt, the FDCPA proscribes the use of "false, deceptive, or misleading" representations by debt collectors for any communications—not only initial communications—attempting to collect a debt. 15 U.S.C. § 1692e(10); Dorsey v. David B. Schumacher, P.C., 2015 WL 569958, *4 (D. Or. Feb. 11, 2015) (citing Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1062 (9th Cir. 2011)). The FDCPA is a strict liability statute, and thus proof of a collector's intent to use

false, deceptive, or misleading representation or means when collecting a debt is not required. Gonzales, 660 F.3d at 1061.

Like section 1692g, section 1692e(10) uses the least sophisticated consumer standard. Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir. 2007). If the least sophisticated consumer would likely be misled by the debt collector's communication, the communication violates section 1692e(10). Id.; see also Tourgeman v. Collins Fin. Servs., Inc., 755 F.3d 1109, 1119 (9th Cir. 2014). When determining section 1692e(10) liability, courts are concerned with "genuinely misleading statements that frustrate a consumer's ability to intelligently choose his or her response." Tourgeman, 755 F.3d at 1119 (quoting Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010)).

Plaintiff alleges the April 1 Letter "constitutes a false representation or deceptive means to collect or attempt to collect [a] debt" because the additional language misleads the consumer into believing he or she may only dispute the debt in writing and with supporting documentation. Compl. ¶ 61; Pl.'s Opp'n to Def.'s Mot. to Dismiss 12-13. Defendant fails to offer any substantive legal arguments in support of its position. Rather, defendant asserts because plaintiff's section 1692e(10) and section 1692g claims are premised on the same facts, if the court determines "[p]laintiff failed to state a claim upon which relief can be granted in [the section 1692g claim], the Court must similarly

dismiss [the section 1692e(10) claim]." Def.'s Mot. to Dismiss 6-7. Defendant offers no additional support for this argument. Def.'s Reply Br. in Supp. of Def.'s Mot. to Dismiss 4.

For the same reasons defendant's additional language overshadows or is inconsistent with notice of a consumer's right to dispute a debt, the additional language would likely mislead the least sophisticated consumer into thinking a dispute of all or part of a debt would need to be in writing and accompanied by supporting documentation. Therefore, the additional language in the April 1 Letter is misleading and frustrates a consumer's ability to intelligently decide on a response, thus violating section 1692e(10). For these reasons, defendant's motion to dismiss the second claim for relief is denied.

**CONCLUSION**

Defendant's Motion to Dismiss (doc. 7) is DENIED.

IT IS SO ORDERED.

Dated this 30th day of October 2015.

Ann Aiken
United States District Judge

Page 10 - OPINION AND ORDER