IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JENNIFER MCCURDY, on behalf of  
herself and others similarly situated,

No. 6:15-cv-01498-AA  
OPINION AND ORDER

    Plaintiff,

vs.

PROFESSIONAL CREDIT SERVICE,

    Defendant.

---

James L. Davidson  
Greenwald Davidson Rabdil PLLC  
5550 Glades Road, Suite 500  
Boca Raton, FL 33431

Kenneth P. Dobson  
Attorney at Law  
324 S.W. Abernethy Street  
Portland, OR 97239  
    Attorneys for plaintiff

Timothy J. Fransen  
Robert E. Sabido  
Cosgrave Vergeer Kester, LLP  
500 Pioneer Tower  
888 S.W. Fifth Avenue  
Portland, OR 97204

Wade C. Isbell
Ray Klein, Inc. dba Professional Credit Service
P.O. Box 7637
Springfield, OR 97475
      Attorneys for defendant

AIKEN, Judge:

Plaintiff Jennifer McCurdy ("McCurdy") received a debt collection letter from defendant Professional Credit Service. The letter contained a section describing the statutory right to dispute the debt within thirty days. That section concluded with the following sentence (hereafter, "additional language"):

> If you dispute any account referenced in this letter, please send all information regarding the dispute to P.O. Box 70127, Springfield, OR 97475.

Compl. ¶ 18 & Ex. A.

Under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, there is no requirement to submit documentation to dispute a debt — indeed, the "plain language" of the law permits consumers to dispute debts orally. *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005). In October 2015, this Court held the additional language violated two provisions of the FDCPA because it would lead the least sophisticated consumer to believe she could not dispute a debt unless she submitted written documentation regarding the dispute.[1] *See McCurdy*

---

[1] The Court reached this conclusion in an opinion and order denying defendant's motion to dismiss for failure to state a claim. The Ninth Circuit uses the "least sophisticated consumer" standard when analyzing purported violations of § 1692e and § 1692g(b). *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007). This is an objective standard applied as a matter of law. *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997); *Anderson v. Credit Collection Serv., Inc.*, 322 F. Supp. 2d 1094, 1096 (S.D. Cal. 2004) ("In the 9th Circuit, the court — and not the jury — determines whether a particular collection letter violates the FDCPA."). Because this case is exclusively about the contents of a single letter, there are no relevant disputed facts. Accordingly, the denial of defendant's motion to dismiss established defendant's liability.

2 - OPINION AND ORDER

*v. Prof. Credit Serv.*, 2015 WL 6744269 at *3-*4 (D. Or. Oct. 30, 2015) (additional language violated FDCPA because it "overshadow[ed] or [was] inconsistent with the consumer's right to dispute the debt," in violation of 15 U.S.C. § 1692g(b), and was a "false, deceptive, or misleading" representation made in an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10)).

Before the Court now is plaintiff's Motion for Class Certification and Appointment of Class Counsel. For the reasons set forth below, plaintiff's motion is granted.

## STANDARDS

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 569 U.S. 338, 348 (2011) (citation and quotation marks omitted). "In order to justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* (citation and quotation marks omitted).

"Class certification is proper if plaintiffs show that they meet the requirements of Fed. R. Civ. P. 23(a) and also come within one of the provisions of 23(b)." *Wilcox Dev. Co. v. First Interstate Bank of Or., N.A.*, 97 F.R.D. 440, 443 (D. Or. 1983). The plaintiff bears the burden of establishing the requirements of Rule 23 are met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). "A class may only be certified if [the court] is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992) (citations and quotation marks omitted). As such, "district courts [have] broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings." *Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001), *abrogated on other grounds*, *Johnson v. California*, 543 U.S. 499, 504-05 (2005).

3 - OPINION AND ORDER

Under Rule 23(a), the plaintiff must demonstrate:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Under Rule 23(b), the plaintiff must also prove, in relevant part, that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

## DISCUSSION

Plaintiff seeks to certify the following class:

(a) All persons with an address within the United States, (b) to whom Professional Credit Service sent an initial written communication between April 1, 2015 and April 30, 2015, (c) that stated: "If you dispute any account referenced in this letter, please send all information regarding the dispute to P.O. Box 70127, Springfield, OR 97475," (d) in connection with the collection of a consumer debt.

Pl.'s Mot. Class Cert. 2.

Defendant opposes certification on two grounds. First, defendant challenges plaintiff's fitness to serve as a class representative under Federal Rule of Civil Procedure 23(a)(4). Second, defendant argues the proposed class does not meet the "superiority" requirement of Federal Rule of Civil Procedure 23(b)(3) because the limitation to individuals who received letters in April 2015 creates an arbitrary sub-class and opens the door to serial class actions. I first address defendant's arguments, and then assess whether the proposed class meets the remaining requirements of Rule 23.[2]

---

[2] For the purposes of the motion for class certification, defendant concedes numerosity, commonality, and typicality, and does not contest the adequacy of class counsel. Def.'s Opp.

4 - OPINION AND ORDER

I.      *Adequacy of McCurdy as Class Representative*

Under Fed. R. Civ. P. 23(a), "the representative parties [must] fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A plaintiff is an adequate class representative if (1) neither she nor her counsel has any conflicts of interest with other class members and (2) she and her counsel will prosecute the action vigorously on behalf of the class. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012). Defendant argues McCurdy is not an adequate class representative because never disputed the debt or intended to dispute the debt. Relatedly, they characterize this lawsuit as a bad-faith attempt to avoid paying a debt she owes.

Whether McCurdy owed the debt defendant was attempting to collect has no bearing on this lawsuit or on her fitness to serve as a class representative. First, validity of the underlying debt does not affect a debt collector's liability for violations of the FDCPA. *See McGuire v. Credit Coll. Serv. Commercial*, 2016 WL 3676108, *2 (D. Hawaii Jul. 7, 2016) (elements of a claim under the FDCPA are: (1) the plaintiff is a "consumer" within the meaning of the statute, (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a "debt collector" within the meaning of the statute, and (4) the defendant violated a provision of the FDCPA). Nor is the validity of the underlying debt a factor in determining statutory damages, which are the primary form of relief requested in this case. In setting statutory damages in a class action, the FDCPA directs the court

---

Mot. Class Cert. 4 n.1. Nonetheless, I must address each certification factor because federal courts have an independent obligation to determine whether a class action is may be maintained. *See* Fed. R. Civ. P. 23(a) (class action may be maintained "only if" numerosity, commonality, typicality, and adequacy are satisfied); Fed. R. Civ. P. 23(c) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."); *cf. Gibson v. Local 40, Supercargoes & Checkers of Int'l Longshoremen's & Warehousemen's Union*, 543 F.2d 1259, 1263 (9th Cir. 1976) (when the complaint makes clear plaintiffs seek to maintain a suit as a class action, court is obliged to rule on class certification even when plaintiffs make no request for such a ruling).

5 - OPINION AND ORDER

to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional." 15 U.S.C. § 1692k(b)(2). The validity of the underlying debt is simply not relevant except to the extent it shows bad faith on the part of the *debt collector* — for example, if the debt collector has a history of sending collection letters on accounts it knows are stale. *See* Dailé Jiménez, *Dirty Debts Sold Dirt Cheap*, 52 Harv. J. on Legis. 41, 76-78 (2015) (describing the interplay between state statutes of limitations, debt collection activity, and the FDCPA).

If McCurdy had filed this lawsuit in a bad-faith attempt to evade paying her debt, that might influence the adequacy analysis. But defendants have put forth no evidence of bad faith. I decline to question McCurdy's motives and adequacy as a class representative on the basis of an unsupported accusation.

In a declaration accompanying her Motion for Class Certification and Appointment of Class Counsel, McCurdy states it is "important to [her] that debt collectors like Professional Credit Service operate in a fair and legal manner when trying to collect debts and provide correct information to consumers when collecting debts." McCurdy Decl. ¶ 4 (Pl.'s Mot. Class Cert. Ex. B). She avers she has been "actively involved" in the case since it was filed and is "committed to protecting the interests of the class members." *Id.* Finally, McCurdy has obtained the representation of counsel with experience litigating both similar FDCPA class actions and consumer protection class actions generally. I conclude McCurdy's interests are aligned with the other class members', neither McCurdy nor her counsel has any apparent conflict of interest with other class members, and McCurdy and her counsel will prosecute this action vigorously on behalf of the class. I further

conclude Greenwald Davidson Radbil PLLC's work in this case and experience litigating similar cases qualify it to be appointed as class counsel pursuant to Federal Rule of Civil Procedure 23(g)(1).

II. *Superiority of Class Action*

Rule 23(b)(3) requires a district court to determine whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resol[ution]." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation and internal quotation marks omitted). "The superiority inquiry under Rule 23(b)(3) requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case," which "necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998) (citation omitted).

Plaintiff originally pleaded a broader class than the one she now seeks to certify: rather than seeking to represent individuals who received a letter containing the additional language in April 2015, she sought to represent individuals who received such a letter in the year preceding the filing of the complaint. Compl. ¶ 27. That broader class corresponded with the FDCPA's one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). In discovery, plaintiff learned defendant sent letters with the additional language to approximately 234,000 individuals during the relevant one-year period. Pl.'s Mot. Class Cert. Ex. A at 4. In April 2015, defendant send the letters to 17,446 individuals. *Id.*

Plaintiff decided to narrow the class because of the FDCPA's provision on statutory damages in class actions. The law caps statutory damages at the lesser of one percent of a debt collector's net

7 - OPINION AND ORDER

worth or $500,000. 15 U.S.C. § 1692k(a)(2)(B). The larger the class, therefore, the smaller each individual class member's potential recovery. *See id.* § 1692k(a)(2)(A) (permitting statutory damages of up to $1,000 in an individual action). Plaintiff also points to the increased administrative, notice, and other costs associated with a larger class.

Defendant's challenge to plaintiff's proposed class also arises from the statutory damages provision. Defendant argues certification of a smaller sub-class will open the door to a series of class actions, thereby undermining one of the purposes of Rule 23 — avoiding "needless multiplicity of actions." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 351 (1983). Moreover, defendant contends certification of numerous sub-classes would permit an end-run around Congress's statutory damages cap.

Neither the Ninth Circuit nor this Court has considered the interplay of Rule 23(b)(3)'s superiority requirement and the FDCPA's statutory damages cap. In *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997), however, the Seventh Circuit had to decide "whether the FDCPA authorizes state-wide (in contrast to nation-wide) class actions." The district court had declined to certify a statewide class, reasoning that "allowing state-by-state suits to proceed would nullify the damage cap." *Id.* at 342. The Seventh Circuit rejected that argument. It noted that other statutes, including the Truth in Lending Act ("TILA"), expressly apply the statutory damages cap to "any class action or *series of class actions* arising out of the same failure to comply by the same creditor." *Id.* (citing 15 U.S.C. § 1640(a)(2)(B)) (emphasis added). The court noted TILA's "reference to a 'series of class actions' is conspicuously absent from the FDCPA." *Id.* The court also explained the different purposes of TILA and the FDCPA, positing that those differences might explain Congress's inclusion of the "series of class actions" limitation in TILA but not in the FDCPA. *Id.* at 343.

8 - OPINION AND ORDER

Because the plain text of the FDCPA does not preclude multiple class actions, the court concluded statewide classes were permissible. *Id.* at 344.

In dicta, the Seventh Circuit addressed precisely the argument advanced by defendants here:

> The defendants, however, advance a policy argument, from which the district court constructed a requirement for a nation-wide class. The district court reasoned that, if the damage cap of $500,000 can be applied anew to a series of state-wide (or otherwise limited) class actions, the damage limitation would become meaningless. This contention may be correct as far as it goes, although there is, of course, no way of telling whether such repeated class actions are possible or likely, here or generally. The other side of the coin is that to require a nation-wide class as the district court did here brings with it other problems that will be discussed later. There are other possible problems with the district court's reasoning. The FDCPA has a short, one-year statute of limitations making multiple lawsuits more difficult. Further, if a debt collector is sued in one state, but continues to violate the statute in another, it ought to be possible to challenge such continuing violations. Given the uncertainty of those policy considerations, there is no compelling reason to ignore the plain words of the statute. In any event, the case before us does not now present multiple or serial class actions to recover for the same misconduct. Hence, it would be premature to require a nation-wide class at this juncture. If and when multiple serial class actions are presented, it will be time enough to rule on such a pattern. At this point, there is no persuasive reason to require a nation-wide class.

*Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 343–44 (7th Cir. 1997).

Debt collectors have made the same policy argument in a handful of district court cases, with mixed results. *Compare Guevarra v. Progressive Fin. Servs., Inc.*, 2006 WL 3613742, *3 (N.D. Cal. Nov. 30, 2006) (denying certification of a creditor-specific class due to concerns about multiple lawsuits, fairness, efficiency, and collusion among attorneys to "divide up the class between IKEA and non-IKEA creditors") *and Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1172-73 (N.D. Cal. 2005) (declining to certify a class limited to individuals residing in a particular California county because to do so would "lead to piecemeal litigation," a result "inconsistent with the policy behind both the FDCPA and class actions") *with Macarz v. Transworld Sys., Inc.*, 193 F.R.D. 46,

56 (D. Conn. 2000) (stating it would be improper to decline certification "simply because plaintiff seeks to limit the class to a specific geographic area") *and Avila v. Van Ru Credit Corp.*, 1995 WL 41425, *4 (N.D. Ill. Jan. 31, 1995) (refusing to consider policy arguments about the statutory damages cap because "[t]he FDCPA civil liability provision is clear and unambiguous" and "allows statutory damages to be imposed in a series of class actions").

I am persuaded by the Seventh Circuit's reasoning in *Mace*. In a situation actually involving multiple lawsuits based on the same underlying conduct, that multiplicity would be an appropriate factor to consider in evaluating superiority — indeed, the Federal Rules *expressly direct* consideration of any related, ongoing litigation in the superiority analysis.[3] Fed. R. Civ. P. 23(b)(3)(B). But I will not deny certification based on the mere possibility another class action will be filed.

Rule 23 asks a court to consider whether "a class action" is superior to "other available methods" for fairly and efficiently adjudicating the controversy. Per the plain text of the rule, the relevant comparison is not between the proposed class action and other, hypothetical class actions; it is between a class action and other methods, *i.e.* non-class methods, taking into account "the class members' interest individually controlling" separate actions, "the extent and nature of any litigation concerning the controversy already begun by or against class members," "the desirability . . . of concentrating the litigation" in a particular form, and "the likely difficulties in managing a class

---

[3] Multiplicity of lawsuits likely would affect not only the class certification analysis but also the calculation of any statutory damages award under the FDCPA. *See Avila*, 1995 WL 41425 at *3 n.1 ("It is questionable whether courts will repeatedly impose large measures of statutory damages for the same failure to comply with a provision of the FDCPA. . . . [T]he statutory damages provision [of the FDCPA] operates not to make the plaintiffs whole (that is the domain of actual damages), but rather to impose a fine or penalty on the defendant in order to deter future violations (because actual damages in consumer actions will be difficult to prove).")

10 - OPINION AND ORDER

action." Fed. R. Civ. P. 23(b)(3)(A)-(D). It is clear a class action is the superior vehicle in view of these considerations. This is a case based solely on the text of identical letters, and in which individual damages for a given class member likely would be quite low, so class members have a limited interest in controlling individual actions. The parties have identified no ongoing, related litigation. Because of the nature of the claim, it does not appear any particular forum would be the best place to concentrate the litigation — which means this Court is as good a forum as any. And any difficulties managing the class action are far outweighed by the difficulties that would be involved in overseeing even a fraction of the 17,446 potential class members' individual lawsuits. *See Avila*, 1995 WL 41425 at *7 ("[A] class action remedy for vindicating the rights of thousands of consumers is a more efficient use of judicial resources than forcing those consumers to each file individual actions for statutory damages and assert offensive collateral estoppel to establish liablity against [the debt collector].") A class action is the superior vehicle for adjudicating the class members' claims.

III.    *Remaining Factors*

This case also satisfies the remaining requirements of Rule 23(a) and Rule 23(b)(3). First, the proposed class must be "so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). The proposed class here, with its more than 17,000 members, easily satisfies this requirement. *See Wilcox*, 97 F.R.D. at 443 ("[A]s a rough rule of thumb, approximately forty members is sufficient to satisfy the numerosity requirement.") Second, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Here, commonality is satisfied because each member of the proposed class received a letter containing the additional language. Third, "the claims or defenses of the representative parties [must be] typical of the claims or defenses of the

11 - OPINION AND ORDER

class." Fed. R. Civ. P. 23(a)(3). The allegations of the complaint concern only the additional language. Accordingly, the typicality requirement is satisfied. Finally, "questions or law or fact common to class members [must] predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Here, it appears there are two main questions of law or fact: (1) did the additional language violate the FDCPA? and (2) what level of statutory damages is appropriate? Predominance is satisfied because both questions are common to the class.

## CONCLUSION

Plaintiff's Motion for Class Certification and Appoint of Class Counsel (doc. 28) is GRANTED as follows:

1. The following class is certified:

(a) All persons with an address within the United States, (b) to whom Professional Credit Service sent an initial written communication between April 1, 2015 and April 30, 2015, (c) that stated: "If you dispute any account referenced in this letter, please send all information regarding the dispute to P.O. Box 70127, Springfield, OR 97475," (d) in connection with the collection of a consumer debt;

2. Plaintiff Jennifer McCurdy is appointed as Class Representative; and

3. Greenwald Davidson Radbil PLLC is appointed as Class Counsel.

IT IS SO ORDERED.

Dated this 2nd day of October 2016.

_____
Ann Aiken
United States District Judge

12 - OPINION AND ORDER