IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JENNIFER MCCURDY**, on behalf of herself and others similarly situated, | Case No. 6:15-cv-01498-AA |
| Plaintiff, | |
| v. | |
| **PROFESSIONAL CREDIT SERVICE,** | |
| Defendant. | |

## ORDER FINALLY APPROVING SETTLEMENT AND AWARDING ATTORNEYS' FEES, COSTS, AND EXPENSES

On June 5, 2017, Jennifer McCurdy ("Plaintiff") filed her unopposed motion to preliminarily approve the parties' proposed class settlement.

On July 26, 2017, the Court preliminarily approved the parties' proposed settlement.

On August 15, 2017, Defendant caused to be served (through the Class Administrator) the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 on the United States Attorney General and the Attorneys General of all 49 states where a class member had his or her last known address.

Also on August 15, 2017, First Class, Inc. distributed notice of the parties' proposed class settlement, as ordered.

On September 28, 2017, Plaintiff filed her unopposed motion to finally approve the parties' proposed settlement.

On November 15, 2017, this Court held a fairness hearing regarding the proposed settlement.

Having considered Plaintiff's unopposed motion, this Court finally approves the proposed settlement.

This Court also confirms that it has jurisdiction over this matter and the parties to it.

This Court affirms its certification of the following class:

All persons with an address within the United States, to whom Professional Credit Service sent an initial written communication between April 1, 2015 and April 30, 2015, that stated: "If you dispute any account referenced in this letter, please send all information regarding the dispute to P.O. Box 70127, Springfield, OR 97475," in connection with the collection of a consumer debt.

This Court also affirms its appointment of Jennifer McCurdy as class representative for the class, and the following attorney and law firm as class counsel for class members:

> James L. Davidson
> Greenwald Davidson Radbil PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, Florida 33431

This Court approves the terms of the parties' settlement, the material terms of which include, but are not limited to:

1. Defendant will create a non-reversionary settlement fund in the amount of $25,000, which will be distributed on a pro-rata basis to each Participating Class Member;

2. Defendant will pay to Ms. McCurdy $1,000;

3. Defendant has confirmed that it voluntarily removed from its collection letters the language at issue in this litigation, and that it will not re-insert that language into its collection letters in the future; and

4. Defendant will pay the reasonable costs of notice and administration of the settlement separate and apart from any monies paid to Plaintiff, class members, or class counsel.

This Court additionally finds that the parties' notice of class action settlement, and the distribution thereof, satisfied the requirements of due process under the Constitution and Rule 23(e), that it was the best practicable under the circumstances, and that it constitutes due and

sufficient notice to all persons entitled to notice of class action settlement. *See Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice.").

This Court similarly finds that the parties' notice of class action settlement was adequate and gave all class members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of, it.

This Court additionally finds that Plaintiff's and Defendant's settlement, on the terms and conditions set forth in their Class Action Settlement Agreement ("the Settlement Agreement"), is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the class members. *See Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217, 103 S. Ct. 1219, 75 L.Ed.2d 456 (1983) (discussing the factors to be assessed in determining whether a settlement is fundamentally fair, adequate and reasonable).

This Court finds that the class members were given a fair and reasonable opportunity to object to the settlement. No class member(s) objected to the settlement. No class members made valid and timely requests for exclusion.

This order is binding on all class members, including class members who did not make a claim.

This Court approves the releases set forth in the Settlement Agreement. The released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

This Court awards a total of $86,687.51 for class counsel's attorneys' fees, litigation costs and expenses.

This action is dismissed with prejudice as to all other issues and as to all parties and claims.

This Court retains continuing and exclusive jurisdiction over the parties and all matters relating this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

Dated: November 15, 2017

_____
The Hon. Ann Aiken
U.S. District Court Judge